UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMMAR ABDULLAH HAYTHAM,

        Petitioner,               Case No. 1:07-cv-436

v.                                     HON. JANET T. NEFF

THOMAS K. BELL,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.    Factual Allegations

Petitioner is incarcerated in the Boyer Road Correctional Facility. He pleaded guilty into Kalamazoo County Circuit Court to one count of third-degree criminal sexual conduct. The trial court sentenced him on January 18, 2006, to imprisonment of four to fifteen years. According to his third amended petition (docket #17), Petitioner raised the following claims on appeal before the Michigan Court of Appeals:

    I.    WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN BINDING DEFENDANT OVER FOR TRIAL WHEN THE INGHAM COUNTY PROSECUTOR FAILED TO PRESENT SUFFICIENT EVIDENCE ON EACH ELEMENT OF THE CSC-III AND ADDED OBSTRUCTION OF JUSTICE CHARGE.

    II.    DEFENDANT'S RIGHTS UNDER CONST 1963 ART I § 11 AND U.S. CONST IV WERE VIOLATED WHEN THE SEARCH WARRANT FAILED TO RECITE ALL THE MATERIAL FACTS ALLEGED IN THE AFFIDAVIT AND THE AFFIDAVIT DID NOT ESTABLISH A SUBSTANTIAL BELIEF TO MOVE JUDICIAL DISCRETION FOR FINDING PROBABLE CAUSE UNDER MCL 780.652a.

    III.    POLICE WERE REQUIRED TO SEEK SUPPRESSION OF THE AFFIDAVIT AT THE TIME THE WARRANT APPLICATION WAS PRESENTED TO THE MAGISTRATE UNDER MCL 780.654(3) AND POLICE WERE REQUIRED UNDER MCL 780.654(2) TO PROVIDE A COPY OF THE AFFIDAVIT.

    IV.    THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO VACATE PLEA AND SENTENCE WHEN THE MOTION COMPLIED WITH THE REQUIREMENTS OF MCR 6.310(C).

(Third Amended Pet., 2a, docket #17.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal on September 26, 2006.

Petitioner filed a *pro se* application for leave to appeal in the Michigan Supreme Court presenting the following claims:

> I. WHETHER DEFENDANT IS ENTITLED UNDER THE FOURTEENTH AMENDMENT AND CONST 1963 ART 1 § 11 TO HAVE THE EVIDENCE SUPPRESSED, HIS CONVICTIONS SET ASIDE AND TO BE DISCHARGED FROM CUSTODY BECAUSE THE ONLY EVIDENCE AGAINST HIM WAS OBTAINED PURSUANT TO AN ILLEGAL AND UNCONSTITUTIONAL SEARCH WARRANT THAT FAILED TO STATE THE GROUNDS OF THE PROBABLE OR REASONABLE CAUSE FOR ITS ISSUANCE AND THE AFFIDAVIT WAS NOT ATTACHED AS REQUIRED BY MCL780.654(2).
>
> II. WHETHER THE WARRANT APPLICATION AFFIDAVIT CONSIDERED ALONE PROVIDED A SUBSTANTIAL BASIS UNDER THE TOTALITY OF THE CIRCUMSTANCES THAT PROBABLE CAUSE EXISTED UNDER BOTH MCL 780.652a AND MCL 780.653.
>
> III. WHETHER DEFENDANT IS ENTITLED UNDER FEDERAL LAW TO HAVE HIS CONVICTION AND SENTENCE SET ASIDE BECAUSE THE STATE WAS PRECLUDED BY THE UNITED STATES CONSTITUTION FROM HALING [SIC] HIM INTO COURT.
>
> IV. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO PURSUE HIS MERITORIOUS FOURTH AMENDMENT ISSUE AND POORLY ADVISED DEFENDANT TO PLEAD TO A CHARGE THE STATE WAS PRELCUDED FROM HALING [SIC] HIM INTO COURT AT ALL.
>
> V. WHETHER PLEA BARGAIN WAS ILLUSORY BECAUSE IT WAS BASED ON A BARGAIN IN WHICH THE DISMISSED CHARGES WERE ONES DEFENDANT COULD NOT HAVE BEEN PROPERLY CONVICTED.
>
> VI. WHETHER DEFENDANT'S PLEA IS INVALID UNDER THE UNITED STATES CONSTITUTION WHERE THE RECORD DEMONSTRATES THAT NEITHER THE DEFENDANT, NOR HIS COUNSEL, NOR THE TRIAL COURT UNDERSTOOD THE ESSENTIAL ELEMENTS OF MCL 750.520d(1)(a) BECAUSE CRIMINAL INTENT IS AN ELEMENT OF THE OFFENSE.

(Petitioner's Br. in the Michigan Supreme Court, 9, docket #18-2.) The Michigan Supreme Court denied his applications for leave to appeal on February 27, 2007, respectively.

Petitioner now raises the following five grounds for habeas corpus relief:

I. DEFENDANT IS ENTITLED UNDER THE FOURTEENTH AMENDMENT AND CONST 1963 ART 1 § 11 TO HAVE THE EVIDENCE SUPPRESSED HIS CONVICTIONS SET ASIDE AND TO DISCHARGED FROM CUSTODY BECAUSE THE ONLY EVIDENCE AGAINST HIM WAS OBTAINED PURSUANT TO AN ILLEGAL AND UNCONSTITUTIONAL SEARCH WARRANT THAT FAILED TO STATE THE GROUNDS OF THE PROBABLE OR REASONABLE CAUSE FOR ITS ISSUANCE AND THE AFFIDAVIT WAS NOT ATTACHED AS REQUIRED BY MCL780.654(2).

II. TRIAL COUNSEL'S FAILURE TO COMPETENTLY LITIGATE FOURTH AMENDMENT CLAIM DEPRIVED PETITIONER OF EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF SIXTH AMENDMENT GUARANTEE WHEN COUNSEL KNEW THE FOURTH AMENDMENT CLAIM WAS A DEAD-BANG WINNER.

III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COURT FAILED TO INQUIRE INTO THE CONFLICT OF INTEREST INVOLVING TRIAL COUNSEL WHERE THE FATHER OF COUNSEL'S GRANDCHILD WAS BEFORE THE COURT ON STATUTORY RAPE CHARGES BECAUSE COUNSEL'S DAUGHTER WAS FOURTEEN YEARS OLD WHEN THE CHILD WAS BORN AND COUNSEL DELIBERATELY SABOTAGED PETITIONER'S CASE BY NOT SUBJECTING PROSECUTION'S CASE TO MEANINGFUL ADVERSARIAL TESTING.

IV. THE CONVICTION AND SENTENCE JUDGMENTS ARE VOID BECAUSE THE STATE WAS PRECLUDED BY THE UNITED STATES CONSTITUTION FROM BRINGING ANY CHARGES AGAINST PETITIONER AND BECAUSE POLICE ARE NOT AUTHORIZED TO INITIATE PATERNITY PROCEEDINGS AND MICHIGAN LAW PROHIBITS THE CREATION OF TWO LEGAL FATHERS.

V. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL JUDGE INSTRUCTED APPELLATE COUNSEL NOT TO RAISE ANY CLAIMS PRESERVED FOR APPEAL AND THE TRIAL COURT FAILED TO PROVIDE APPELLATE COUNSEL THE ENTIRE COURT FILE AND APPELLATE COUNSEL REFUSED TO FILE PETITIONER'S BRIEF AS REQUIRED BY STANDARD 4 OF ADMINISTRATIVE ORDER 2004-6.

II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner raised his first ground for habeas corpus relief, in which he asserts a violation of his Fourth Amendment rights, on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court; therefore, the exhaustion requirement is satisfied with regard to Petitioner's first ground for habeas corpus relief.

Petitioner's remaining grounds for habeas relief are not among the four claims he presented on direct appeal in the Michigan Court of Appeals. Petitioner claims that, in addition to the four claims listed above, he raised additional claims in a motion for remand filed in the court of

appeals. The Michigan Court of Appeals will review only those claims listed in the statement of questions presented in the appellant's brief on appeal. *See People v. Albers*, 672 N.W.2d 336, 340 (2003). "The fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996). Thus, those claims purportedly raised by Petitioner in a motion to remand were not fairly presented for appellate review in the Michigan Court of Appeals.

Petitioner raised his second and fourth grounds for habeas relief for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave

to appeal was denied, and, thus, the issue was not reviewed. Therefore, Petitioner failed to exhaust his second and fourth grounds for relief.

Petitioner did not raise his third and fifth grounds for habeas corpus relief on direct appeal in the Michigan Court of Appeals or the Michigan Supreme Court. Because Petitioner failed to present his claims at each levels of the state appellate system, his third and fifth claims also are unexhausted. *See Duncan*, 513 U.S. at 365-66; *Silverburg*, 993 F.2d at 126; *Hafley*, 902 F.2d at 483.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner may raise his unexhausted claims in a motion for relief from judgment.

Because Petitioner appears to have one exhausted claim and four unexhausted claims, his application ordinarily must be dismissed as a "mixed" petition. *Rose v. Lundy*, 455 U.S. 509 (1982). However, in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also*

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).[1]

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 27, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 27, 2007. Petitioner has one year, until May 27, 2008, in which to file his habeas corpus petition. Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state-court remedies. Therefore, a stay of these proceedings is not warranted.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust his state court remedies.

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079, 1082-85 (2007).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds,

a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.


Dated:  November 6, 2007        /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge