UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AMMAR ABDULLAH HAYTHAM,

        Petitioner,                          Case No. 1:07-cv-436

v.                                         HON. JANET T. NEFF

THOMAS K. BELL,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the Boyer Road Correctional Facility. He pleaded guilty in Kalamazoo County Circuit Court to one count of third-degree criminal sexual conduct. The trial court sentenced him on January 18, 2006, to imprisonment of four to fifteen years. In his third amended petition (Dkt 17), Petitioner raised five grounds for habeas corpus relief. In an opinion and order issued on November 6, 2007, the Court dismissed Petitioner's action without prejudice for failure to exhaust his state-court remedies. This matter now is before the Court upon Petitioner's motion for reconsideration and for a certificate of appealability (Dkt 21). For the reasons set forth below, the Court will grant Petitioner's motion for reconsideration to the extent that it will vacate the judgment dismissing his action, allow him to amend his petition to eliminate the unexhausted claims and proceed with his exhausted Fourth Amendment claim. Because Petitioner's Fourth Amendment claim is without merit, the petition will be dismissed with prejudice. In addition, the Court will deny Petitioner's motion for a certificate of appealaiblity.

Discussion

I. **Motion for Reconsideration**

Petitioner filed a motion for reconsideration, which the Court construes as a motion for relief from judgment brought pursuant to FED. R. CIV. P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

In its previous opinion, the Court found that Petitioner properly exhausted only his first ground for habeas relief in the Michigan appellate courts. In his exhausted claim, Petitioner contends that the evidence used to convict him was seized in violation of his Fourth Amendment rights. In his motion for reconsideration, Petitioner contends that he exhausted all of his claims in the Michigan Court of Appeals by filing a *pro se* supplemental brief and motion to remand. This Court explained in its opinion that the Michigan Court of Appeals will review only those claims listed in the statement of questions presented in the appellant's brief on appeal. *See People v. Albers*, 672 N.W.2d 336, 340 (2003). "The fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples,* 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL

469156, at *2 (6th Cir. Aug. 16, 1996). Moreover, according to the official Michigan Court of Appeals docket sheet for Petitioner's appeal, the court of appeals returned Petitioner's motion to remand and supplemental brief because he was represented by counsel. Consequently, the claims asserted in those pleadings never were "fairly presented" in the court of appeals. The fact that Petitioner attempted to present the claim in the court of appeals is not sufficient to satisfy the exhaustion requirement.

This Court also found in its previous opinion that Petitioner's second and fourth grounds for habeas relief were unexhausted because he raised them for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner argues that his second and fourth claims should be considered exhausted because the Michigan court rules allow a defendant to raise new claims in the Michigan Supreme Court that were not presented in the trial court or the Michigan Court of Appeals. While the state court rules may permit a defendant to raise a new issue in the state supreme court, the law governing federal habeas corpus petitions requires a claim to be exhausted at each level of the state appellate courts. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993).

Because Petitioner's habeas application contains one exhausted claim and four unexhausted claims, the Court did not err in dismissing Petitioner's habeas action as a "mixed" petition. In his motion, Petitioner states that he will "voluntarily dismiss issues found not to be exhausted" and asks the Court to "permit him to proceed on the claims found to have met the exhaustion requirement . . ." (Mot. for Reconsid., 3-4, 6.) Petitioner is free to amend his petition to delete the unexhausted claims and proceed on his exhausted Fourth Amendment claim. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982). Accordingly, the Court will grant Petitioner's motion for

reconsideration to the extent that it will vacate the judgment dismissing his case, allow him to amend his petition to eliminate his unexhausted claims and proceed in his exhausted Fourth Amendment claim. The merits of his surviving claim will be discussed below.

II.     **Merits of Fourth Amendment Claim**

The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Petitioner claims that the evidence used to convict him should have been suppressed because it was obtained pursuant to an illegal search warrant in violation of his Fourth Amendment rights. Petitioner's non-jurisdictional Fourth Amendment claim was waived by his guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Even if Petitioner's claim was not waived, it is barred by the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976); *see also Queen v. Scroggy*, 99 F.3d 1302, 1332 (6th Cir. 1996) (noting that it is well-settled that *Stone v. Powell* bars Fourth Amendment claims). In *Stone v. Powell*, the Supreme Court held that federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search or seizure, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim. *Id.*

In order for the rule of *Stone v. Powell* to apply, the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the

claim in the case before the court must not have been frustrated by failure of that mechanism.  *See Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985).  If these two inquiries are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have been in error.  *Id.* at 824; *accord Jennings v. Rees*, 800 F.2d 72 (6th Cir. 1986); *Markham v. Smith*, 10 F. App'x 323, 326 (6th Cir. 2001).

In the present case, Petitioner cannot satisfy either prong of the *Stone v. Powell* standard.  First, it is beyond dispute that Michigan has a state procedural mechanism that presents a defendant a full opportunity to raise a Fourth Amendment claim before trial.  Even before the United States Supreme Court decided that the federal exclusionary rule applied to state criminal proceedings, the Michigan courts applied the exclusionary rule to the fruits of unconstitutional searches and seizures.  *See People v. Margelis*, 186 N.W. 488 (Mich. 1922).  After *Mapp v. Ohio*, 367 U.S. 643 (1961), the Michigan courts consistently have acknowledged their duty, under both the federal and state constitutions, to suppress evidence seized in violation of the Fourth Amendment.  *See, e.g., People v. David*, 326 N.W.2d 485, 488 (Mich. App. 1982).  Consequently, Michigan affords criminal defendants a vehicle by which to raise Fourth Amendment challenges.

Second, to satisfy the remaining prong of *Stone v. Powell*, Petitioner must allege facts showing that the state corrective mechanism has somehow broken down.  *See, e.g., Agee v. White*, 809 F.2d 1487, 1490 (11th Cir. 1987) (habeas review not barred when state appellate court completely ignored Fourth Amendment claim).  The Sixth Circuit pointedly has held that the doctrine of *Stone v. Powell* applies, even if the federal court deems the state-court determination of the Fourth Amendment claim to have been in "egregious error."  *Gilbert v. Parke*, 763 F.2d at 824 (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).  Petitioner has not alleged any facts showing that the state's mechanism has broken down.  Petitioner's Fourth Amendment claim was presented in his applications for leave to appeal before the Michigan Court of Appeals and the

Michigan Supreme Court. The Michigan Court of Appeals reviewed Petitioner's application for leave to appeal and determined that it lacked merit. Petitioner applied for leave to appeal to the Michigan Supreme Court, which also denied his application. Because Petitioner has failed to demonstrate either prong of *Stone v. Powell*, his claim of illegal search and seizure is barred on habeas review.

### III. **Certificate of Appealability**

Petitioner also moves for a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's Fourth Amendment claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

In light of the foregoing, the Court will grant Petitioner's motion for reconsideration to the extent that it will vacate the judgment dismissing his action, allow him to amend his petition to eliminate the unexhausted claims and proceed with his exhausted Fourth Amendment claim. Because Petitioner's Fourth Amendment claim is without merit, the petition will be dismissed with prejudice. In addition, the Court will deny Petitioner's motion for a certificate of appealability.

An Order consistent with this Opinion will be entered.

August 18, 2008  /s/ Janet T. Neff
Dated  Janet T. Neff
 United States District Judge