UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AMMAR ABDULLAH HAYTHAM,

        Petitioner,               Case No. 1:07-cv-436

v.                                   Honorable Janet T. Neff

THOMAS K. BELL,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The Court dismissed Petitioner's action on August 18, 2008. This matter now is before the Court upon Petitioner's motion for reconsideration (docket #24) seeking reinstatement of his case, which the Court construes as a motion for relief from judgment brought pursuant to FED. R. CIV. P. 60(b). For the reasons set forth below, Petitioner's motion will be denied.

**Procedural History**

Petitioner is incarcerated in the Boyer Road Correctional Facility. He pleaded guilty in Kalamazoo County Circuit Court to one count of third-degree criminal sexual conduct. The trial court sentenced him on January 18, 2006, to imprisonment of four to fifteen years.

In his original habeas petition (docket #1), Petitioner raised six grounds for habeas corpus relief. Petitioner failed to file his original petition on the proper form, so the Court issued an order (docket #11) requiring Petitioner to file an amended petition on the form provided by the Court. Petitioner filed an amended petition (docket #13) containing four grounds for habeas corpus relief that were substantially different from the six grounds contained in the original petition.

Because it was unclear which claims Petitioner intended to raise in his habeas petition, the Court issued an order (docket #14) requiring Petitioner to clearly identify his grounds for habeas corpus relief. The Court indicated that if Petitioner failed to comply with the Court's order, the Court would assume that he intends to raise only the four claims set forth in his amended petition. Petitioner timely filed his second amended petition (docket #15), but instead of filling out the form and clearly listing his grounds for relief, Petitioner unwisely directed the Court to "Please see attached Brief in Support" for the grounds raised in his second amended petition. Petitioner, however, failed to attach a brief in support. Consequently, it remained unclear which grounds Petitioner intended to raise in his habeas petition. The Court gave Petitioner one last chance to provide his supporting brief or to otherwise clearly identify the claims he intended to raise in his habeas petition (docket #16). In response to the Court's order Petitioner filed a third amended petition (docket #17), raising five grounds for habeas corpus relief.

In an opinion and order issued on November 6, 2007, the Court dismissed Petitioner's third amended petition without prejudice for failure to exhaust his state-court remedies. The Court found that Petitioner properly exhausted only his first ground for habeas relief in the Michigan appellate courts. In his exhausted claim, Petitioner argued that the evidence used to convict him was seized in violation of his Fourth Amendment rights. The Court further concluded that a stay of the proceedings was not warranted because Petitioner had more than six months remaining in the limitations period.

Petitioner subsequently moved for reconsideration and for a certificate of appealability (docket #21). In his motion for reconsideration, Petitioner argued that the Court erred in finding that four of his grounds for habeas corpus relief were unexhausted. He further stated that he would "voluntarily dismiss issues found not to be exhausted" and asked the Court to "permit him to proceed on the claims found to have met the exhaustion requirement . . ." (Mot. for Reconsid.,

3-4, 6, docket #21.) On September 18, 2008, the Court issued an opinion and order (docket ##22-23), denying Petitioner's motion in part and granting it in part. The Court found that it did not err in dismissing Grounds II through IV for lack of exhaustion, and, thus, denied reconsideration of its dismissal of those claims without prejudice. However, the Court granted Petitioner's motion to the extent that it vacated the judgment dismissing his action, allowed him to amend his petition to eliminate the unexhausted claims and to proceed with his exhausted Fourth Amendment claim. Because Petitioner's Fourth Amendment claim was without merit, the Court dismissed the petition with prejudice.

## Discussion

In his present motion for reconsideration, Petitioner states that he filed a motion for relief from judgment in the Ingham County Circuit Court. According to Petitioner, his motion was dismissed on June 24, 2008, and his case remains pending in the Michigan Court of Appeals. Petitioner claims that he intends to fully exhaust his claims in the Michigan courts before returning to federal court for habeas corpus relief. Petitioner further states:

> I was under the impression that your Court would address the four claims raised in the amended petition (docket #15) but your order and opinion addressed only 1 claim and your order came while my case was pending in the Michigan post-conviction process under subchapter 6.500 of the Michigan Court Rules. I could not be in two courts at the same time so it was impossible for me to litigate habeas claim(s) while the same issues were pending in state court.

(Motion for Reconsid., 2, docket #24.) Consequently, Petitioner requests that his right to file a habeas corpus petition be reinstated.

The Court construes Petitioner's motion for reconsideration as a motion for relief from judgment brought pursuant to FED. R. CIV. P. 60(b). A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the

judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Petitioner is not entitled to relief for any of the reasons set forth above. The Court gave Petitioner numerous opportunities to clarify his grounds for habeas relief. Petitioner's third amended petition superceded the previous versions of his petition. After the Court concluded that four of the five claims contained in his third amended petition were unexhausted, the Court followed Petitioner's explicit directions in his motion for reconsideration to dismiss his unexhausted claims and consider only his exhausted Fourth Amendment claim. Thus, the Court's dismissal of the petition was not in error. Moreover, Petitioner's apparent confusion throughout his case is not an exceptional or extraordinary circumstance that would warrant relief from the Court's judgment. Petitioner also failed to diligently pursue his case. He did not appeal the dismissal of his petition and delayed ten months before bringing this motion for reconsideration. The fact that Petitioner has a motion for relief from judgment pending in the state courts does not excuse his lack of diligence in this case. Petitioner, therefore, is not entitled to relief from the Court's judgment dismissing his petition with prejudice.

While Petitioner expresses his intent to present his exhausted claims after the state-court proceedings have concluded on his motion for relief from judgment, he faces significant hurdles to filing a new habeas corpus action. As stated in the Court's original opinion dismissing Petitioner's action for lack of exhaustion (docket #19), the statute of limitations was set to expire on May 27, 2008. If Petitioner filed his motion for relief from judgment in the Ingham County

Circuit Court after that date, any subsequent habeas corpus petition would be time-barred. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Thus, any motion for relief from judgment filed after May 27, 2008 could not serve to revive the limitations

If, however, Petitioner filed his motion for relief from judgment before May 27, 2008, the statute of limitations was tolled on the date he filed his motion for relief and will remain tolled until the Michigan Supreme Court issues a decision. *See Carey v. Saffold*, 536 U.S. 214, 219 (2002). Even if Petitioner could timely file a new habeas petition, it would be "second or successive" within the meaning of 28 U.S.C. § 2244 (b). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).

## **Conclusion**

In light of the foregoing, Petitioner's motion to reinstate his case (docket #24) will be denied.

An Order consistent with this Opinion will be entered.


<u>July 16, 2009</u>                   <u>/s/ Janet T. Neff</u>
Dated                              Janet T. Neff
                                        United States District Judge